# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3213-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

REYMOND PAGAN,

      Defendant-Appellant.

_____

> Submitted April 10, 2025 – Decided April 22, 2025
>
> Before Judges Mawla and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 03-04-1390.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).
>
> Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Reymond Pagan appeals from a November 7, 2022 order denying his petition for post-conviction relief (PCR) as untimely under Rule 3:22-12(a). Defendant filed his PCR petition seventeen years after his sentence to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7). For the reasons that follow, we affirm.

I.

We briefly summarize the relevant facts, which are undisputed and substantially derived from defendant's brief and the plea and sentencing records. On April 15, 2003, defendant pled guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7). As part of the plea agreement, the State agreed to recommend a sentence of ten- to twelve-years' incarceration subject to parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and Megan's Law registration under N.J.S.A. 2C:7-2.

The charges against defendant stem from allegations made by then-fifteen-year-old victim, E.H. E.H. informed detectives she had been sexually assaulted by three boys, including defendant, after they had invited her into a home where she consumed alcohol and smoked marijuana. E.H. told detectives when she tried to leave the home, one of the boys held her down and penetrated her, and "she couldn't stop him." She further described waking up to find

2

defendant straddling her lower body and attempted to fight him off, but defendant called one of the other boys to hold her arms down while he had intercourse with her.

At the April 15, 2003 plea hearing, defendant admitted: he forced E.H. to perform oral sex on him by placing his penis in her mouth; and there were two other people in the house who also forced E.H. to do various sexual acts, including intercourse and oral sex while E.H. was physically helpless, mentally incapacitated, and in fact unconscious due to the consumption of alcohol and marijuana. Defendant acknowledged his understanding and acceptance of the plea agreement. He also testified he understood there are special forms distinct from the normal plea agreement forms "dealing with Megan's Law." The court permitted plea counsel to review the forms with defendant on the record. Defendant testified he understood he would be required to serve a special sentence of community supervision for life (CSL) under Megan's Law.

On March 12, 2004, the court sentenced defendant to a ten-year term of incarceration, subject to NERA, and imposed CSL pursuant to Megan's Law, five-years of parole supervision, and awarded 605 days of jail credits in accordance with the plea agreement. Defendant did not appeal from his conviction or sentence.

On May 24, 2021, defendant filed a pro se PCR petition. Thereafter, PCR counsel filed a first amended petition, dated March 2, 2022, alleging counsel failed to: investigate all witnesses; communicate with him; file a motion challenging the evidence; and provide full discovery to him. In explaining the delay in filing the PCR petition, defendant asserted "he was incarcerated for several years following his sentencing and was unable to access his legal documents."

At oral argument, PCR counsel acknowledged defendant had been released from incarceration on the 2004 aggravated sexual assault conviction but subsequently convicted of murder and sentenced to New Jersey State Prison.[1] Following the November 7, 2022 PCR hearing, the court issued a thorough and well-reasoned oral opinion denying defendant's petition as time-barred under Rule 3:22-12(a)(1).

The court stated the Rule "precludes PCR petitions filed more than five years after entry of a [JOC,] . . . unless a delay was due to defendant's excusable neglect and there's a reasonable probability that defendant's . . . factual assertions were found to be true, enforcement of the time bar would result in a

---

[1] Defendant's judgment of conviction (JOC) on the murder charge is not included in the record.

fundamental injustice." It noted defendant's JOC "was entered on March 12[], 2004. Under Rule 3:22-12[(a)](1), he had until March 12[], 2009 to file a PCR . . . petition."

The court concluded, defendant filed his initial petition over eleven years beyond the five-year time limit. It did not find plausible defendant's explanation the delay in filing a timely petition was due to his lengthy incarceration and inability to obtain necessary documents, which constituted excusable neglect. The court reasoned that "neither ignorance of the [Rule] or the rules of court justify exceptional circumstances for relaxing the five-year time bar." Furthermore, "[d]efendant offers no factual basis to counter the State's assertion of extreme prejudice. It would [be] extremely difficult for the State to reassemble its evidence and witnesses to litigate this case after the passage of [twenty] years since the offense date." The court found "this is an extensive delay."

Nevertheless, the court addressed the merits of defendant's claims plea counsel's performance was deficient, "for completeness of the record" and concluded "[t]he mere raising of a claim for PCR does not entitle defendant to an evidentiary hearing." Moreover, "[d]efendant fails to identify or articulate any items of discovery his counsel neglected to review with him, nor is he able

5

to demonstrate how his counsel was ineffective in this regard." The court entered its order denying defendant's PCR petition that same day.

On appeal, defendant argues the following:

POINT I

THE PCR COURT ERRED IN RULING THAT [DEFENDANT'S] PETITION FOR [PCR] WAS TIME-BARRED BECAUSE THE DELAY WAS DUE TO EXCUSABLE NEGLECT AND BECAUSE ENFORCEMENT OF THE DEADLINE RESULTED IN A FUNDAMENTAL INJUSTICE.

POINT II

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM THAT HE WAS COERCED INTO PLEADING GUILTY WITHOUT AN EVIDENTIARY HEARING BECAUSE RESOLUTION OF THE ALLEGATION REQUIRED EXAMINATION OF MATTERS OUTSIDE OF THE RECORD OF THE PLEA PROCEEDINGS.

II.

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). Although PCR petitions are analyzed under Strickland v. Washington, 466 U.S. 668 (1984), the primary issue here is the timeliness of defendant's petition. This requires us to apply Rule 3:22-12(a)(1), which provides in pertinent part as follows:

6

Except as provided . . . no petition shall be filed . . . more than [five] years after the date of entry pursuant to Rule 3:21-5 of the [JOC] that is being challenged unless:

> (A) it alleges facts showing that the delay beyond said time was <u>due to defendant's excusable neglect</u> and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . .

[emphasis added.]

Consistent with the <u>Rule</u>, "a court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." <u>State v. Goodwin</u>, 173 N.J. 583, 594 (2002) (quoting <u>State v. Mitchell</u>, 126 N.J. 565, 576 (1992)). However, "a court should only relax the bar of <u>Rule</u> 3:22-12 under exceptional circumstances." <u>State v. Afanador</u>, 151 N.J. 41, 52 (1997). In that regard, "a court 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits.'" <u>Goodwin</u>, 173 N.J. at 594 (quoting <u>Afanador</u>, 151 N.J. at 52).

Defendant avers his claims are not time-barred because the delay in filing was due to his lack of access to the legal documents because of his incarceration.

7

He maintains, "the circumstances of the delay in filing were not his own fault, and to the extent that his failure to timely file his [p]etition constituted neglect at all, that neglect was excusable." The enforcement of the time bar, defendant argues, is a "fundamental injustice" that would "deny [him] his sole opportunity to be heard on the merits of his claim that trial counsel was ineffective because of coercive conduct that caused [defendant] to plead guilty involuntarily."

We reject defendant's argument and affirm substantially for the reasons set forth in the PCR court's thorough and well-reasoned oral opinion. The court found defendant's petition had been filed at least eleven years beyond the five-year time limit without a justifiable explanation. It correctly reasoned it would be "extremely difficult" for the State to litigate this case after twenty years have passed. Because defendant offers no support for his primary contention he did not have earlier access to the legal documents required to file a timely PCR petition, he fails to satisfy the standard for excusable neglect and the court properly found his PCR petition was untimely. R. 3:22-12(a).

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8